IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GARY HEINZ, JR.,                                          07-CV-1343-BR

       Plaintiff,                                   OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

       Defendant.


MERRILL SCHNEIDER
Schneider Law Offices
14415 S.E. Stark St.
P.O. Box 16310
Portland, Oregon  97292
(503) 255-9092


       Attorneys for Plaintiff

KARIN J. IMMERGUT
United States Attorney
BRITTANIA I. HOBBS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1158


1  -  OPINION AND ORDER

**DAVID MORADO**
Office of the General Counsel
**NANCY A. MISHALANIE**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-2545

        Attorneys for Defendant


**BROWN, Judge.**

     Plaintiff Gary Heinz, Jr., seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Disability Insurance Benefits (DIB) and found Plaintiff ineligible for Supplemental Security Income (SSI) payments under Titles II and XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

     Following a thorough review of the record, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.


## ADMINISTRATIVE HISTORY

     Plaintiff filed his applications for DIB and SSI on August 6, 2004, alleging an onset date of November 22, 2002.

2   -  OPINION AND ORDER

Tr. 31-32, 33, 39, 60.[1]  They were denied initially and on

reconsideration.  An Administrative Law Judge held a hearing on

November 28, 2006.  Tr. 18.  At the hearing, Plaintiff was

represented by an attorney.  Tr. 18.  Plaintiff and a vocational

expert (VE) testified at the hearing.  Tr. 18.

The ALJ issued a decision on January 26, 2007, in which he

found Plaintiff is not disabled and, therefore, is not entitled

to benefits.  Tr. 18-23.  That decision became the final decision

of the Commissioner on July 9, 2007, when the Appeals Council

denied Plaintiff's request for review.  Tr. 6.


## BACKGROUND

Plaintiff was 31 years old at the time of the hearing.

Tr. 505.  He has a high-school education.  Tr. 505.  Plaintiff

has previously worked as a grocery bagger and warehouse laborer

and currently works in a Subway restaurant part-time.  Tr. 51-52,

506-08.

Except when noted below, Plaintiff does not challenge the

ALJ's summary of the medical evidence.  After reviewing the

medical records, this Court adopts the ALJ's summary of the

medical evidence.  *See* Tr. 19-21.

---

[1]Citations to the official transcript of record filed by the
Commissioner on February 20, 2008, are referred to as "Tr."

**STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of developing the record. *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.

2001).  The court must weigh all of the evidence whether it
supports or detracts from the Commissioner's decision.  *Robbins,*
466 F.3d at 882.  The Commissioner's decision must be upheld even
if the evidence is susceptible to more than one rational
interpretation.  *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir.
2005).  The court may not substitute its judgment for that of the
Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir.
2006).


## DISABILITY ANALYSIS

### The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential
inquiry to determine whether a claimant is disabled within the
meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir.
2007).  *See also* 20 C.F.R. §§ 404.1520, 416.920.  Each step is
potentially dispositive.

In Step One, the claimant is not disabled if the
Commissioner determines the claimant is engaged in substantial
gainful activity.  *Stout v. Comm'r Soc. Sec. Admin.*,
454 F.3d 1050, 1052 (9th Cir. 2006).  *See also* 20 C.F.R.
§§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

In Step Two, the claimant is not disabled if the
Commissioner determines the claimant does not have any medically
severe impairment or combination of impairments.  *Stout*, 454 F.3d

at 1052. *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii),
416.920(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner
determines the claimant's impairments meet or equal one of a
number of listed impairments that the Commissioner acknow-
ledges are so severe as to preclude substantial gainful
activity. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R.
§§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  The criteria for
the listed impairments, known as Listings, are enumerated in
20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must
determine the claimant's residual functional capacity (RFC),
which "is an assessment of the sustained, work-related physical
and mental activities" that the claimant can still do "on a
regular and continuing basis" despite his limitations.  20 C.F.R.
§ 404.1520(e). *See also* Soc. Sec. Ruling (SSR) 96-8p.  A
'regular and continuing basis' means 8 hours a day, for 5 days a
week, or an equivalent schedule." SSR 96-8p, at *1.  In other
words, the Social Security Act does not require complete
incapacity to be disabled. *Smolen v. Chater*, 80 F.3d 1273, 1284
n.7 (9th Cir. 1996).  The assessment of a claimant's RFC is at
the heart of Steps Four and Five of the sequential analysis
engaged in by the ALJ when determining whether a claimant can
still work despite severe medical impairments.  An improper

evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'"  SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## **ALJ'S FINDINGS**

At Step One, the ALJ found Plaintiff's current employment at Subway is not substantial gainful activity because it is low-paying and part-time.  The ALJ, therefore, found Plaintiff

7  -  OPINION AND ORDER

has not engaged in substantial gainful activity since his alleged
onset date.  Tr. 19.

At Step Two, the ALJ found Plaintiff has the severe
impairments of scoliosis, left knee fracture, historical hernias,
asthma, depression, and learning disorder and the nonsevere
impairments of Shprintzen syndrome (a genetic disorder caused by
the absence of part of one chromosome) and ventricular septal
defect.  Tr. 19.

At Step Three, the ALJ found Plaintiff does not have an
impairment or combination of impairments that meet or equal a
Listing.  Tr. 19.  The ALJ assessed Plaintiff's RFC and found
Plaintiff can lift 10 pounds frequently and 20 pounds
occasionally; can sit, stand, or walk for up to six hours in an
eight-hour workday; is limited to occasionally stooping or
crouching; must avoid exposure to concentrated fumes, odors,
dusts, gases, and poor ventilation; is limited to simple and
routine tasks and to simple reading and writing; and is unable to
perform technical duties or to participate in high-production or
high-volume work.  Tr. 21.

At Step Four, the ALJ found Plaintiff cannot perform his
past relevant work.  Tr. 21.

At Step Five, the ALJ found Plaintiff is able to perform
jobs that exist in significant numbers in the national economy.
Tr. 21.  The ALJ identified two examples of such work drawn from

the testimony of the VE:  sorter and food-preparation worker.
Tr. 21.  Accordingly, the ALJ concluded Plaintiff is not disabled
and, therefore, is not entitled to benefits.


## DISCUSSION

Plaintiff contends the ALJ erred by (1) failing to consider
the opinion of Plaintiff's treating health-care provider, Family
Nurse Practitioner (FNP) Elisa Engbretson, (2) rejecting
Plaintiff's testimony, and (3) failing to discuss the lay-witness
statement of Gail Perrott.

**I.   FNP Engbretson.**

Plaintiff contends the ALJ erred when he did not consider
FNP Engbretson's assessment of Plaintiff's RFC.

As a nurse practitioner, FNP Engbretson is a medical source.
*See* 20 C.F.R. § 416.902.  Medical sources are divided into two
categories:  "acceptable" and "not acceptable."  20 C.F.R.
§ 416.902.  Acceptable medical sources include licensed
physicians and psychologists.  20 C.F.R. § 416.902.  Medical
sources classified as "not acceptable" include, but are not
limited to, nurse practitioners, therapists, licensed clinical
social workers, and chiropractors.  SSR 06-03p, at *2.  The
Social Security Administration notes:

> With the growth of managed health care in
> recent years and the emphasis on containing
> medical costs, medical sources who are not
> acceptable medical sources, such as nurse

> practitioners, physician assistants, and
> licensed clinical social workers, have
> increasingly assumed a greater percentage of
> the treatment and evaluation functions
> previously handled primarily by physicians
> and psychologists.  Opinions from these
> medical sources, who are not technically
> deemed acceptable medical sources under our
> rules, are important and should be evaluated
> on key issues such as impairment severity and
> functional effects, along with the other
> relevant evidence in the file.

SSR 06-03p, at *3.  Factors the ALJ should consider when

determining the weight to give an opinion from those "important"

sources include:  the length of time the source has known the

claimant and the number of times and frequency that the source

has seen the claimant; the consistency of the source's opinion

with other evidence in the record; the relevance of the source's

opinion; the quality of the source's explanation of his opinion;

and the source's training and expertise.  SSR 06-03p, at *4.  On

the basis of the particular facts and the above factors, the ALJ

may assign a not-acceptable medical source either greater or

lesser weight than that of an acceptable medical source.  SSR 06-

03p, at *5-*6.  The ALJ, however, must explain the weight

assigned to such sources to the extent that a claimant or

subsequent reviewer may follow the ALJ's reasoning.  SSR 06-03p,

at *6.

     FNP Engbretson reports she treated Plaintiff since

September 14, 2004, for asthma, depression, back pain related

to scoliosis, knee pain, insomnia, and Shprintzen syndrome.

10  -  OPINION AND ORDER

Tr. 375.  FNP Engbretson completed an RFC assessment at the request of Plaintiff's attorney and concluded Plaintiff can lift ten pounds occasionally but cannot not lift any weight frequently; can stand or walk for two hours in an eight-hour workday; can sit for six hours in an eight-hour workday; can perform limited pushing and pulling with his lower extremities; can occasionally balance, stoop, kneel, crouch, or crawl but never climb; can frequently reach in all directions; can per-form fine and gross manipulation; and must avoid all exposure to fumes odors, dusts, gases, and poor ventilation.  Tr. 376. FNP Engbretson also stated Plaintiff has moderate limitations in concentration, persistence, and pace and marked limitations in social functioning and activities of daily living.  Tr. 378. FNP Engbretson stated she would expect Plaintiff to miss work more than two days each month because of his "poor coping abilities, problem-solving skills, and symptom management." Tr. 378.

The ALJ did not address FNP Engbretson's RFC assessment of Plaintiff.  Even though the ALJ may assign lesser or greater weight to a not acceptable source than to an acceptable source, the ALJ must explain his reasons for doing so.  SSR 06-03p, at *6.  The Court, therefore, concludes the ALJ erred when he did not give legally sufficient reasons supported by the record for failing to consider FNP Engbretson's opinion.

**II.  Plaintiff's Testimony.**

Plaintiff contends the ALJ erred when he found Plaintiff's testimony not entirely credible.

In *Cotton v. Bowen,* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and he must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.  *Cotton*, 799 F.2d 1403 (9th Cir. 1986), *aff'd in Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity.  *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is not credible are insufficient.  *Id*.  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*, 81 F.3d at 834).

At the hearing, Plaintiff testified his back and left knee

pain prevent him from walking, standing, or sitting for more than
ten minutes at a time.  Tr. 508, 520.  Plaintiff testified he has
difficulties sleeping because his mind races.  Tr. 512.  He
stated he gets distracted easily and has difficulties with his
memory, which means he needs substantial coaching and reminding
at work.  Tr. 516-18, 521.  He also stated he often forgets to
take his medication, which makes him feel angry and nervous and
causes him to argue with customers and others.  He testified
being around people makes him nervous and agitated.  Tr. 518-19,
523.

     The ALJ found Plaintiff has the severe impairments of
scoliosis, left knee fracture, asthma, depression, and learning
disorder.  Tr. 22.  He also has a history of hernias.  Tr. 22.
The ALJ acknowledged these impairments could be expected to cause
some symptoms.  Tr. 20.  In addition, Vandana Bindal, M.D., and
Donna Wicher, Ph.D., the Disability Determination Services (DDS)[2]
physicians who examined Plaintiff, concluded some degree of
symptoms could be caused by his impairments.  Tr. 338, 364-66.
Accordingly, the Court finds Plaintiff has satisfied the first
two prongs of the *Cotton* test by providing evidence of
impairments that could reasonably cause him to produce some

---

[2] Disability Determination Services (DDS) is a federally
funded state agency that makes eligibility determinations on
behalf and under the supervision of the Social Security
Administration pursuant to 42 U.S.C. § 421(a).

13  -  OPINION AND ORDER

degree of symptom.  799 F.2d at 1407.  Because the ALJ did not
determine Plaintiff is malingering, the ALJ must provide clear
and convincing reasons for rejecting Plaintiff's testimony.
*Lester*, 81 F.3d at 834.

The ALJ found, and the record reflects, Plaintiff's
testimony was not entirely credible on the grounds that his
impairments did not require extensive medical treatment and his
alleged symptoms are inconsistent with the medical evidence.
Tr. 22.  For example, on February 18, 2004, and May 6, 2004,
Plaintiff reported to FNP Louise Hansen that he was doing "very
well" on his medications, he was not experiencing moodiness or
racing of the mind, his moods were much more controlled, and he
was sleeping well.  Tr. 214.  FNP Hansen noted Plaintiff was
cognitively and intellectually intact and that his thoughts were
"linear and goal-directed."

In addition, on November 11, 2004, Dr. Bindal conducted an
examination of Plaintiff at the request of DDS.  Tr. 334-41.
Plaintiff reported to Dr. Bindal that he has no difficulty
walking ten blocks or climbing stairs.  Tr. 335.  Dr. Bindal
noted there was not any tenderness, paravertebral muscle spasm,
crepitus, or effusions in Plaintiff's back and his muscle
strength was normal in all extremities.  Tr. 337.  Dr. Bindal
diagnosed Plaintiff as having mild scoliosis with no thoratic
deformity, problems with calculation and recall, multiple

14  -  OPINION AND ORDER

historic hernias, mild depression that is well-managed with medications, and mild asthma.  Tr. 338.  Dr. Bindal opined Plaintiff has the RFC to stand, walk, or sit for about eight hours with limited bending, stooping, or crouching and can carry between 15 and 20 pounds.  Tr. 338.

On November 17, 2004, Dr. Wicher conducted a psycho-diagnostic evaluation of Plaintiff at the request of DDS. Tr. 342-46.  Although Dr. Wicher noted Plaintiff demonstrated "very little common sense judgment, abstraction and generalization ability, and a very impoverished fund of general information," she also noted Plaintiff's performance on mental-status testing was consistent with individuals who attempted to appear more impaired than they actually were.  Tr. 344. Dr. Wicher concluded the results of Plaintiff's mental-status testing "may underrepresent his true cognitive abilities." Tr. 344.  Dr. Wicher also found Plaintiff has mild deficits in performing the activities of daily living and mild-to-moderate deficits in social functioning.  Tr. 346.  In addition, Dr. Wicher reviewed Plaintiff's medical and work-history records. She noted Plaintiff had worked on a full-time basis in the past and his functioning did not appear worse at the time of the examination than it was while he was working.  Tr. 346.

On December 7, 2004, Linda Jensen, M.D., completed an RFC of Plaintiff at the request of DDS.  She found Plaintiff can lift 20

pounds occasionally and 10 pounds frequently; can stand, sit, or
walk for six hours in an eight-hour workday; can perform
unlimited pushing and pulling; can frequently climb ramps or
stairs, balance, kneel, or crawl and occasionally stoop or
crouch; and must avoid concentrated exposure to fumes, odors,
dusts, gases, and poor ventilation.  Tr. 364-66.  Dr. Jensen also
found Plaintiff's statements were only partially credible on the
grounds that they were inconsistent with the medical record and
Dr. Wicher's conclusions on the psychodiagnostic evaluation as to
Plaintiff's symptom exaggeration.  Tr. 367.

On December 7, 2004, Dorothy Anderson, Ph.D., completed a
mental RFC assessment at the request of DDS.  Tr. 370-43.
Dr. Anderson found Plaintiff is not significantly limited in his
ability to remember locations and work-like procedures or to
understand, remember, and carry out short and simple
instructions; to maintain attention and concentration for
extended periods; to perform activities within a schedule, to
maintain regular attendance, and to be punctual within customary
tolerances; to sustain an ordinary routine without special
supervision; to work in coordination with or in proximity to
others without being distracted by them; and to make simple
work-related decisions.  Tr. 370.  Dr. Anderson also found
Plaintiff is moderately limited in his ability to understand,
remember, and carry out detailed instructions and to set

16  -  OPINION AND ORDER

realistic goals or to make plans independently of others.
Tr. 370-71.  Dr. Anderson opined Plaintiff may benefit from
vocational guidance.  Tr. 372.  Dr. Anderson also completed a PRT
of Plaintiff on December 12, 2004, in which she assessed
Plaintiff with mild restrictions as to his activities of daily
living and difficulties in maintaining social functioning as well
as moderate difficulties in maintaining concentration,
persistence, or pace.  Tr. 358.

On this record, therefore, the Court concludes the ALJ did
not err when he rejected Plaintiff's symptom testimony as not
entirely credible because the ALJ provided legally sufficient
reasons supported by substantial evidence in the record for doing
so.

**III. Lay-Witness Statement.**

Plaintiff contends the ALJ erred when he did not consider
the lay-witness statement of Gail Perrott, Plaintiff's manager at
Subway.  Perrott submitted a written statement dated November 22,
2006, in which she discussed the difficulties that Plaintiff has
with remembering, following instructions, and working with
numbers; the fact that Plaintiff does not complete tasks
correctly or at all; and Plaintiff's absences because of knee or
back pain.  Tr. 192-93.

Lay testimony regarding a claimant's symptoms is competent
evidence that the ALJ must consider unless he "expressly

17  -  OPINION AND ORDER

determines to disregard such testimony and gives reasons germane
to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511
(9ᵗʰ Cir. 2001).  *See also Merrill ex rel. Merrill v. Apfel*, 224
F.3d 1083, 1085 (9ᵗʰ Cir. 2000)("[A]n ALJ, in determining a
claimant's disability, must give full consideration to the
testimony of friends and family members.").

Here the ALJ did not consider Perrott's statement at all
and, therefore, did not give "reasons germane" to Perrott for
failing to do so.

On this record, the Court concludes the ALJ erred when he
failed to consider the lay-witness statement of Perrott because
the ALJ did not provide legally sufficient reasons supported by
the record for doing so.

Defendant asserts the ALJ's failure was harmless error
because Plaintiff's continued employment at Subway demonstrates
his impairments do not interfere with his ability to work.  An
"ALJ's silent disregard of lay testimony about how an impairment
limits a claimant's ability to work. . . contravenes . . . case
law and the controlling regulations," and a court "cannot
consider the error harmless unless it can confidently conclude
that no reasonable ALJ, when fully crediting the testimony, could
have reached a different disability determination." *Stout v.
Comm'r*, 454 F.3d 1050, 1055-56 (9ᵗʰ Cir. 2006).

Here Plaintiff continues to work at Subway.  The Court notes

18  -  OPINION AND ORDER

Perrott stated she makes many exceptions for Plaintiff such as creating detailed lists, spending extra time with him, and giving him longer breaks than other employees.  Tr. 192.  In addition, Plaintiff's work at Subway is part-time.  Tr. 507.  Even if Perrott's statement were fully credited, it could be interpreted as illustrative of the fact that Plaintiff is disabled and cannot perform work-related activities on a regular and continuing basis because he is only able to work on a part-time basis with many accommodations by management.  *See* SSR 96-8P.  Accordingly, the Court cannot "confidently conclude" that no reasonable ALJ could have reached a different disability determination when fully crediting this testimony.  The Court concludes, therefore, that the ALJ's error in failing to consider the lay-witness testimony of Perrott is not harmless error.

<u>**REMAND**</u>

The decision whether to remand this case for further proceedings or for the payment of benefits is a decision within the discretion of the Court.  *Harman*, 211 F.3d 1178.

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings.  *Id*. at 1179.  The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would

serve no useful purpose." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman*, 211 F.3d at 1178.  The court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.*  The second and third prongs of the test often merge into a single question:  Whether the ALJ would have to award benefits if the case were remanded for further proceedings.  *Id.* at 1178 n.2.

Here the Court has found the ALJ failed to consider FNP Engbretson's RFC assessment of Plaintiff as required by SSR 06-03p.  Although FNP Engbretson's treatment notes were submitted to the Appeals Council after the ALJ issued his opinion, they were not before the ALJ at the time of the hearing.  Tr. 7, 468-77, 481-82.  The Ninth Circuit, however, has held a court may properly consider all of the evidence in the record, including evidence submitted to the Appeals Council after the ALJ has issued his opinion:

> While we properly may consider the additional evidence presented to the Appeals Council in determining whether the Commissioner's denial

20  -  OPINION AND ORDER

> of benefits is supported by substantial
> evidence, it is another matter to hold on the
> basis of evidence that the ALJ has had no
> opportunity to evaluate that Appellant is
> entitled to benefits as a matter of law. The
> appropriate remedy in this situation is to
> remand this case to the ALJ; the ALJ may then
> consider, the Commissioner then may seek to
> rebut and the VE then may answer questions
> with respect to the additional evidence.

*Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000).  After

reviewing FNP Engbretson's notes, the Court finds remand is

necessary for the ALJ to consider FNP Engbretson's RFC assessment

in addition to her treatment notes.

The Court also has found the ALJ failed to consider the lay-

witness statement of Perrott, which is also an "outstanding

issue[] that must be resolved before a determination of

disability can be made."

Accordingly, the Court concludes a remand of this matter is

necessary for further administrative proceedings consistent with

this Opinion and Order.


<u>**CONCLUSION**</u>

For these reasons, the Court **REVERSES** the decision of the

Commissioner and **REMANDS** this matter pursuant to sentence four of

42 U.S.C. § 405(g) for further administrative proceedings


21  -  OPINION AND ORDER

consistent with this Opinion and Order.

With respect to future proceedings in this matter after remand, § 406(b) of the Social Security Act "controls fees for representation [of Social Security claimants] in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)(citing 20 C.F.R. § 404.1728(a)).  Under 42 U.S.C. § 406(b), "a court may allow 'a reasonable [attorneys'] fee . . . not in excess of 25 percent of the . . . past-due benefits' awarded to the claimant."  *Id*. at 795 (quoting 42 U.S.C. § 406(b)(1)(A)).  Because § 406(b) does not provide a time limit for filing applications for attorneys' fees and Federal Rule 54(d)(2)(B) is not practical in the context of Social Security sentence-four remands, Federal Rule of Civil Procedure 60(b)(6) governs.  *Massett v. Astrue*, 04-CV-1006 (Brown, J.)(issued June 30, 2008).  *See also McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006).  To ensure that any future application for attorneys' fees under § 406(b) is filed "within a reasonable time" as required under Rule 60(b)(6), the Court orders as follows:  If the Commissioner finds Plaintiff is disabled on remand and awards Plaintiff past-due benefits and if, as a result, Plaintiff intends to submit such application for attorneys' fees under § 406(b), Plaintiff shall submit any such application within 60 days from the receipt of the Notice of

Award by the Commissioner.

IT IS SO ORDERED.

DATED this 10th day of December, 2008.


                                        /s/ Anna J. Brown
                                        _____
                                        ANNA J. BROWN
                                        United States District Judge